■ VINCENT TERRANOVA, Appellant, v. ALLAN D. EMIL et al., Respondents, et al., Defendant.— Order entered May 25, 1966, granting summary judgment to defendants-respondents, affirmed, with $50 costs and disbursements to respondents. The purchase-money mortgage here involved arose out of the sale of the property by the defendants to the plaintiff. Title closed February 25, 1964, the date of the mortgage. Concurrently there was delivered to plaintiff a written direction signed by defendants for the making of all payments on account of the mortgage to Allan D. Emil, attorney for the mortgagees, including defendant Riker. Plaintiff does not rely on the revocation of said direction or any other oral or written direction emanating from defendants-respondents. Plaintiff's reliance on the alleged partnership among the said mortgagees

antedating the mortgage was in derogation of the said written direction. Plaintiff made the alleged payments to defendant Riker at his own peril. The respondents did not directly or indirectly induce the alleged payments to Riker. Concur — Capozzoli, Tilzer and McNally, JJ.; Steuer, J., dissents in the following memorandum: This action is one of several of recent vintage arising out of the widespread activities of a real estate speculator named I. Jerome Riker. A number of these suits, including this one, have, as their ultimate question, which of two innocent parties — Riker's innocent associates or the person with whom they dealt — is to suffer from his various misdeeds. In this case the plaintiff is in the latter category and the defendants are the Riker associates. The two defendants-respondents with Riker each owned an undivided one-third interest in a building on the corner of Walker and Canal Streets in Manhattan. They sold this building to the plaintiff. Riker conducted all the negotiations and plaintiff never met or had any contact with the other two. As part of the consideration plaintiff gave a purchase-money mortgage for $42,075. Riker told the plaintiff that the sellers would be agreeable to discounting this mortgage for $37,500 in cash. A short time later plaintiff raised this sum and paid it to Riker who gave him a satisfaction of his undivided one third. Plaintiff protested and Riker advised him that the other two were then out of the city but satisfactions would be forthcoming shortly. Not having received these documents, plaintiff instituted suit for cancellation of the mortgage. Riker defaulted. The other two defendants counterclaimed for foreclosure, the mortgage now being in default. Special Term granted summary judgment to defendants. None of the above facts, at least for the purposes of this motion, is in dispute. On them plaintiff contends that Riker, in negotiating the transaction for discount of the mortgage and receiving the consideration therefor, was the agent of his associates. In support thereof he submits Riker's sworn testimony that he was acting for them as well as himself. In addition there is the undisputed fact that in all prior negotiations, and the sale resulting therefrom, he did act for them and was so authorized. It is quite true that Riker's sworn statement is largely conclusory in form and on a trial would for that reason be entitled to little credit. However, the court at this state of the proceedings is not required to decide whether or not Riker either had actual or apparent authority to act for defendants-respondents. Our sole duty, as well as the limit of our competence, is to determine whether a bona fide issue is presented on this question (*Falk* v. *Goodman*, 7 N Y 2d 87). It would appear that such an issue has been raised.